## THE NATIONAL BANK OF THE METROPOLIS *vs.* SPRAGUE and others.

1. A motion to dismiss because an appeal does not lie, requires notice.

2. An order refusing to set aside a sale, upon an application based on the illegality of the sale, is appealable; it is not a discretionary order.

3. Where a sale is unfair and illegal, and the property, if fairly sold, would have brought enough to pay a lien creditor, he is aggrieved by an order refusing to set aside the sale, and is a proper party to appeal.

4. Courts of equity interfere upon a proper application, to set aside sales made by their officers when conducted contrary to principles of law, or when, through fraud or mistake, injustice has been done. They so interfere upon application in the suit in which the sale was made, and even when the purchaser was not a party to the suit. By becoming a purchaser, he subjects himself to the jurisdiction of the court.

This was a motion to dismiss an appeal from an order of the Chancellor refusing to set aside the sale made by the master, of land and personal property, under the execution and order in the cause. The order was upon an application of the appellants, who were the complainants in chancery. The motion to dismiss was on the ground that the order appealed from was on a matter of practice and within the discretion of the Chancellor.

The motion was first made on the first day of the term, without notice of it to the appellants. It was opposed by the appellants, on the ground that notice was necessary of a motion to dismiss because an appeal did not lie. The court unanimously held that notice in such case was necessary. The motion was afterwards renewed upon notice.

*Mr. Frelinghuysen*, in support of the motion.

*Mr. McCarter*, contra.

The opinion of the court was delivered by

THE CHANCELLOR.

The complainant in this case applied to the Chancellor to set aside the sale of the real and personal property made by the master. An order was granted on Kirkpatrick, the purchaser, to show cause why the sale should not be set aside. The grounds alleged were, that the master had refused the bids of proper persons at the sale; that he made requirements of some bidders not exacted of others; that he put up for sale and sold in one parcel the entire furniture of a hotel worth $50,000; that he sold it without exhibiting it to purchasers, and when out of their view, and on terms as to removal that prevented any one, except the actual purchaser, from bidding; and that the purchase was made by Kirkpatrick for persons in fact parties to the suit, with different interests, who unlawfully combined to prevent competition, and procured Kirkpatrick to purchase for them. The Chancellor refused the application on the ground as expressed in his opinion, that the objections were not sustained.

The statute provides that "all persons aggrieved by any order or decree of the Court of Chancery, may appeal from the same or any part thereof." If this order was unlawfully made, the appellants were aggrieved by it. They are creditors who had a lien on the property sold. The price of $135,000, for which the master sold the property, will be insufficient to pay their whole claim, or perhaps any part of it, after satisfying the prior encumbrances. If the sale, as they allege, was unfair and illegal, and the property, if fairly sold, would have brought enough to pay them, they are a proper party to appeal.

But the respondents allege that this is not a proper subject of appeal; that the application was one in the discretion of the Chancellor, and not for relief to which the appellants had any right.

It is settled, and is not in fact disputed, that an appeal

will not lie from an order in the discretion of the Chancellor, or upon a mere matter of practice. It was so ruled by this court in the matter of the application of *Anderson, guardian of Thompson*, 2 *C. E. Green* 536.

The real question is, whether the order applied for was in the discretion of the Chancellor, or whether it was a matter of right which he was bound to grant upon a proper case shown. What is matter of discretion may, in some cases, be doubtful. In *The People* v. *The Superior Court of New York*, 5 *Wend.* 125, this discretion is correctly defined to be " that which is not and cannot be governed by any fixed principles or rules." And in *Rogers* v. *Hosack's Ex'rs*, 18 *Wend.* 319, Justice Cowen says, that to warrant an appeal, " some definite rule of law or equity must appear to have been violated." This is cited with approbation in the opinion of this court, delivered by the Chief Justice in *Garr* v. *Hill*, 1 *Halst. Ch.* 641.

Courts of equity interfere upon a proper application, to set aside sales made by their officers, when conducted contrary to principles of law, or when, through fraud or mistake, injustice has been done by the sale. They so interfere upon application in the suit in which the sale was made, and even when the purchaser was not a party to the suit. They hold that by becoming a purchaser in the suit, he subjects himself to the jurisdiction of the court, so far as the purchase is concerned.

In England, and also in the Court of Chancery that formerly existed in New York, confirmation of sales in chancery was required. But the jurisdiction did not depend upon that; sales were set aside upon application in the suit, even after confirmation.

In *Casamajor* v. *Strode*, 1 *Sim. & Stu.* 381, it was held that a stranger to the suit, by becoming a purchaser, submitted himself to the jurisdiction of the court. In *Watson* v. *Birch*, 2 *Ves., jun.*, 51, the sale was opened after confirmation. And in *Morice* v. *The Bishop of Durham*, 11 *Ves.* 57, and in *White* v. *Wilson*, 14 *Ves.* 151, Lord Eldon

held that after confirmation sales could not be opened except for fraud, or fraudulent negligence, implying that in such case they would be opened.

In *Collier* v. *Whipple*, 13 *Wend.* 224, and *Tripp* v. *Cook*, 26 *Wend.* 143, the sales had been confirmed and the deeds delivered, yet the sales were set aside. In *Requa* v. *Rea*, 2 *Paige* 339, a sale to a stranger was set aside on petition in the suit after the deed was delivered.

In this state, in *Seaman* v. *Riggins*, 1 *Green's Ch.* 214, Chancellor Pennington set aside a sale, as he said he had no doubt of the power of the court, or *its duty*, to set it aside. In *Howell* v. *Hester*, 3 *Green's Ch.* 266, the same Chancellor declared that the case was within the *principle* of the authorities, and set aside the sale upon petition. In *Campbell* v. *Gardner*, 3 *Stockt.* 423, Chancellor Williamson, upon petition in a foreclosure suit, set aside a sale after the deed had been delivered. In that case the complainant was the purchaser, and the relief was granted on grounds perhaps in the discretion of the court, but in the others it was on the ground of fraud or mistake, or other grounds which gave title to relief in chancery on bill filed. The relief was granted not as a matter of discretion, but as a matter of *principle* and *duty* or right.

In this case, some of the grounds on which the application was made would, if sustained, give the appellants a right to have the sale set aside. They would have had that right upon bill, on the ground of an unlawful combination to prevent competition. If it is the settled practice of the Court of Chancery to grant such relief upon petition in the suit in which the sale is made, and the established doctrine there, that it is the duty of the court to grant it in a case within the principles fixed for such relief on bill, then it is clearly no longer a matter of discretion.

That court might once have had a discretion, whether it would permit the relief to be asked on petition, or would require a bill to be filed, but the practice by petition being established, the Chancellor, when he hears and examines into

the merits of the application, has no discretion in the decision, but must determine according to the settled rules of law and equity. This result, of course, would not follow in an application not based upon the illegality of the sale, but upon matters on which it is in the discretion of the court to give relief or not.

On principle, then, an appeal should lie from a decision like this, determining the merits of the controversy between the appellants and the purchaser. That controversy is, whether the sale was made contrary to the requirements of law.

And this appeal is sustained by authority as well as principle. It has been expressly decided that an appeal will lie from an order upon application to set aside sales, made by petition or motion in the suit in which the sale was ordered. It was so held in England by the House of Lords, in *Bailey* v. *Maule,* reported in a note, in 7 *Cl. & Fin.* 121, and referred to in *O'Neill* v. *Fitzgerald,* in 3 *Bligh's Appeals* 24. And in New York such appeals were sustained in *Collier* v. *Whipple,* 13 *Wend.* 224, and in *Tripp* v. *Cook,* 26 *Wend.* 143. In the last case, which came up like the one before us, the appeal was sustained on a motion to dismiss it. In *Kingsland* v. *Bartlett,* 28 *Barb.* 480, an appeal from an order of the special term refusing to set aside a sale was dismissed, because the application was not founded on any fraud or irregularity in the proceedings, but on a misapprehension as to the time of sale, and such application was held to be in the discretion of the court. The court say, there can be no *right* where no legal mistake has been committed by those who have conducted the proceedings. This is in accordance with the principles in the other cases.

The motion to dismiss must be denied.

The whole court concurred.