RODMAN ELLISON et al., partners &c., appellants,

55   581
e69L 398

*v.*

GEORGE R. GRAY, receiver of the United States Credit System Company, respondent.

1. An order of the chancellor, on appeal from the determination of the receiver of an insolvent corporation, under the eighty-second section of "An act concerning corporations," is final and not interlocutory.

2. Written contracts, in the absence of fraud or mistake, cannot be varied by parol testimony.

On petition &c.

*Mr. Edward A. Day,* for the appellants.

*Mr. Howard W. Hayes,* for the respondent.

The opinion of the court was delivered by

DAYTON, J.

The receiver of the United States Credit System Company having disallowed the claim of John B. Ellison & Sons, an appeal was taken to the chancellor, whose order sustaining the determination of the receiver was made January 14th, 1896. From this order the appellants filed their petition of appeal February 1st, 1897. The respondent moves to dismiss this appeal, upon the ground that the chancellor's order was, in its nature, interlocutory, and the appeal was not taken within the forty days limited by law.

The motion cannot prevail. The order of the chancellor, on appeal from the decision of the receiver, as provided for in the eighty-second section of the "Act concerning corporations," is in the nature of a final decree. It has all its attributes and characteristics. The statute conferring the right of appeal from the decision of the receiver, primarily clothed with power to decide,

manifestly contemplated that the result should be conclusive. It is final in its nature, disposing of the whole merits of the case, leaving nothing for further examination or judgment.

An order which determines the whole controversy between the parties, without reserving anything for further consideration, is a final order. In this case the claim of the appellants was definitely disallowed, and the party thereby dismissed from the case. *Newark Plank Road Co.* v. *Elmer*, 1 *Stock.* 754, 787; *Central Trust Co.* v. *Grant Locomotive Works*, 135 *U. S.* 207.

The motion to dismiss the appeal being refused, it remains to consider the case appealed to this court upon its merits.

It seems to be undisputed that Mr. Tissot, of the firm of J. B. Ellison & Sons, the appellants, on November 2d, 1893, inquired of Mr. Whittick, the agent of the United States Credit System Company, whether the failure to pay the premium on that policy before the expiration of the preceding policy, October 30th, 1893, would have the effect of depriving the insured of the benefit of the renewal as to losses for goods shipped during the life of the preceding policy, notwithstanding the provision in the renewal certificate ·that, in order to secure such benefit, the premium must be paid before the expiration of the term of the prior policy. To this inquiry Mr. Marx, the special agent of the credit company, in the presence of Mr. Whittick, the general agent of the company, said, "it was all right; it would not lessen their protection in the slightest; that the contract would hold just the same as though it had been paid for prior to the expiration of the contract." The contract was then entered into and a certificate accepted containing the clause referred to. John B. Ellison & Sons knew of the existence of this limitation clause in their new contract, and nevertheless, relying solely upon the parol assurance of the credit company's agents that it was nugatory or would not be enforced—"that it was all right"—accepted the certificate of insurance. It is upon this policy their claim is founded. They are bound by its terms. If they have any means of relief from the hardship imposed upon them, it could only be by a reformation of the contract, and there is no prayer for such action, if any could be introduced in these proceedings.

The rule of law is well settled in this state that a written contract, in the absence of fraud or mistake, cannot be varied by mere parol testimony. So long as the contract, unmistakable in its meaning, stands unaltered by decree of the court, its effect cannot be changed by parol evidence of a different agreement. *Dewees* v. *Manhattan Insurance Co., 6 Vr. 366; Franklin Fire Insurance Co.* v. *Martin, 11 Vr. 568.*

*For affirmance*—THE CHIEF-JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGERT, DAYTON, HENDRICKSON, NIXON—12.

*For reversal*—None.