New Jersey Building Loan and Investment Co. *v.* Lord.

THE NEW JERSEY BUILDING LOAN AND INVESTMENT COMPANY, complainant and respondent,

*v.*

GEORGE R. LORD, executor of Mary E. Lord, deceased, et al., defendants and appellants.

[Submitted December 8th, 1903.    Decided May 13th, 1904.
Filed June 22d, 1904.]

1. Neither by any ancient equity practice inherited from the mother country, nor in accordance with our own constitution and statutes, will an appeal, in a case like the present, lie to the court of errors and appeals, from a decree in chancery made upon a bill which has been regularly taken as confessed against the appealing defendant, for want of a plea, demurrer or answer.

New Jersey Building Loan and Investment Co. *v.* Lord.

2. Neither in accordance with rule 21 of the court of errors and appeals, nor in accordance with plain principles of justice, can an appellant be permitted to assail a decree in chancery upon grounds of appeal which are nowhere stated in his petition of appeal.

3. An order of the court of chancery sustaining exceptions to an answer for insufficiency is not a final decree within the meaning of the Chancery act; furthermore, it is not so carried into a final decree, subsequently made in the cause, as to become part of it and appealable with it.

This is an appeal from a final decree of the court of chancery, made upon a bill taken as confessed for want of a plea, demurrer or answer.

A bill for foreclosure and sale was exhibited in the court of chancery in October, 1902, by the New Jersey Building Loan and Investment Company, complainant, against George R. Lord, executor of the will of Mary E. Lord, deceased, and others, defendants. This bill was founded upon a deed of mortgage made by the defendant George R. Lord, executor as aforesaid, to the complainant, of and upon certain lands in West Asbury Park, Monmouth county, with condition for the payment of $25,000 in the manner and at the times appointed, with interest and premiums, fines and quarterly dues, agreeably to the constitution and by-laws of the complainant company. The other defendants were made parties to the bill by reason of conveyances or mortgages of parts of the mortgaged hereditaments, or by reason of a judgment recovered.

The defendant George R. Lord, executor, alone answered. He stated that no moneys are due to the complainant upon the security of its mortgage, and that the mortgage had been fully paid and satisfied, and should be delivered up to be canceled; he admitted, for the most part, the conveyances and other mortgages mentioned in the bill of complaint, but not the judgment recovered.

The complainant excepted to this answer for insufficiency in its statements by way of defence to the mortgage given to the complainant, and a rule was entered referring the exceptions to one of the masters of the court. The master reported that, having been attended by counsel for both parties, he had looked

into the bill and answer and the exceptions, and had found these well taken. Although a rule *nisi* was taken and served, the defendant did not, by exception or otherwise, show cause against confirming the report, and on March 31st, 1903, an order was made that the master's report on the exceptions should stand confirmed, that the answer be stricken out and made null and void, and that the bill of complaint be taken as confessed against the defendant, unless he should answer further within thirty days.

No further answer having been filed, an interlocutory decree was made on May 1st, 1903, adjudging that the bill of complaint be taken as confessed against all of the defendants, and that it be referred to one of the masters of the court to ascertain and report the amount due to the complainant upon its mortgage. On May 7th, 1903, the master's report was filed, and, on the same day, a final decree was made according to the course and practice of the court of chancery, confirming the report, awarding a writ of *fieri facias* for the sale of the mortgaged lands and premises and foreclosing all equity of redemption therein.

On May 15th, 1903, an appeal was taken from the final decree and "from the whole and every part" thereof. The appeal, however, particularizes such parts of the decree as in effect declare "that the mortgage of the said complainant in the pleadings in the cause mentioned is an existing encumbrance upon the mortgaged premises, and that there is due thereon the sum of twenty-five thousand eight hundred and seventy-two dollars and thirty-seven cents." On June 4th, 1903, the petition of appeal was filed in this court; and therein the appellant alleged that he is aggrieved by the final decree in respect to the two particulars above mentioned and the further particular that the mortgaged lands and premises are ordered to be sold for the payment of the said sum of money, and he stated the grounds of his appeal to be that "the whole of the said decree  *  *  *  is erroneous, for that the said mortgage is not a lien upon the said premises and that there is nothing due thereon."

*Mr. Barton B. Hutchinson,* for the respondents.

New Jersey Building Loan and Investment Co. *v.* Lord.

The appellant, having failed to file any answer according to law, is not entitled to an appeal from the final decree or to be heard thereon in this court.

So far as the present inquiry is concerned, this court cannot take cognizance of any supposed grievance of the appellant by reason of the interlocutory decree, the master's report on the exceptions, or any other interlocutory matter not involving the merits.

If the court should find that the appellant has any standing on this appeal, the appeal should, upon an examination of the merits, be dismissed.

*Mr. Halsted H. Wainwright* and *Mr. Frank M. Durand,* *contra.*

The opinion of the court (the foregoing statement having been made) was delivered by

Green, J.

The appeal from the final decree, which bears the number eleven hundred and seventy-one on the docket of this court, is the only appeal now before us. It will, nevertheless, add clearness to the present discussion if an earlier appeal, bearing the number eleven hundred and fifty-eight on the docket, be first briefly mentioned.

This earlier appeal was taken from the order of March 31st, 1903, whereby it was directed that the master's report on the exceptions for insufficiency stand confirmed, the answer of the defendant be stricken out and the bill of complaint be taken as confessed against him, unless he should answer further within thirty days. Notice of this appeal was filed in the court of chancery on May 9th, 1903, and the petition of appeal was filed in this court on May 28th of the same year.

Although it is not our purpose or, indeed, within our province now so to decide, it would seem that the order sustaining the exceptions to the answer for insufficiency, &c., was subject to an appeal to this court (*Camden and Amboy Railroad Co.* v. *Stew-*

*arl, 6 C. E. Gr. 484, 485, 488*), and that the appeal was seasonably taken within forty days.    *P. L. of 1902 p. 545 § 111; Rules of the Court of Chancery 151, 152; Newark Plankroad Co.* v. *Elmer, 1 Stock. 755, 787.*    Nevertheless, on December 4th, 1903, this appeal was, on the appellant's own motion, dismissed by and from this court; and, apart from this brief mention, it can receive no further consideration at our hands.

1. Turning now to the later appeal, we find, upon the enrollment now before us, that the decree complained of is made upon a bill which had been taken *pro confesso* against the appealing defendant for want of an answer.    The respondents, by their counsel, press the inquiry whether such a defendant is entitled to an appeal or to be heard thereon in this court.

We feel constrained, on investigation, to say that neither by any ancient practice, inherited from the mother country, nor in accordance with our constitution and statutes, can a defendant, in a case like the present, appeal to this court from a decree in chancery made upon a bill which has been regularly taken as confessed against him for want of a plea, demurrer or answer.    Such a decree is not merely what the complainant chooses to make it and thinks he can abide by, but is what the court thinks equitable and just, taking the statements of the bill as admitted to be true.    See *P. L. of 1902 p. 519 § 23; 114 U. S. 113.*

By our practice in New Jersey a decree *pro confesso* may be taken for want of a plea, demurrer or answer, as well where there is no appearance as where there is one; but such was not the English practice until the statute *5 Geo. II. c. 25.*    Before that statute the practice in England, at least as early as *1 Car. I.* (A. D. 1625), was to take such a decree only when the defendant had appeared, but stood out all process for compelling an answer.    *Okeham* v. *Hall, Nels. 1; Anonymous, Freem. 127; Hawkins* v. *Crook, 2 P. Wms. 556, 557; Williams* v. *Corwin, Hopk. Ch. 471.*    In *Davis* v. *Davis, 2 Atk. 21, 24,* Lord Hardwicke, although he based his decision on another point, was clearly of opinion that taking a bill *pro confesso,* when an answer is reported insufficient, is just.

Notwithstanding, however, that decrees *pro confesso,* under one course of practice or another, had been known for two centuries, Mr. Smith, of the Six Clerks' office, England, wrote, in A. D. 1835 (*2 Pr. 23*), "if a bill has been taken *pro confesso* against a defendant who has appeared but not answered, I have not found any case pointing at the manner in which he can appeal."

Inasmuch as this court has already determined, in *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 9 Dick. Ch. Rep. 647, 653, 654,* that the right of appeal in this state is derived from statute, confirmed by the constitution, and is unrestricted by reference to practice or model, we must test the position of the appellant herein by statute and constitution as well as by the old equity practice. The rightful position of such an appellant we quickly find to be that of one who finds himself aggrieved by any order or decree of the court of chancery. *Pat. L. 434 § 59; P. L. of 1902 p. 545 § 111; Const., art. 6 § 1.* Now, we think that no one is aggrieved in this sense, that is to say, vexed or harassed as by injustice, when he has supinely suffered a decree to be pronounced against him upon the *ex parte* presentation of the complainant's case. A defendant is truly aggrieved only when, by appropriate pleadings, or pleadings and proofs, he has become an active party to an issue or a controversy, which is adjudged against him. See *Polhemus* v. *Holland Trust Co., 16 Dick. Ch. Rep. 654, 655.* As it was put in *Murphy* v. *American Life Insurance and Trust Co., 25 Wend. 249, 251* (heretofore cited approvingly in this court), "where the proceedings are allowed to pass silently through the court, or in such form as that, according to its settled course of practice, the points in litigation cannot be brought to the view of the chancellor, no appeal can be entertained." *Swackhamer* v. *Kline's Administrator, 10 C. E. Gr. 503,* based upon the constitution of New Jersey, article 4, section 4, paragraph 3, is not inconsistent with our views; that case simply shows that an appellant must have a property right affected by a decree as well as be an active participator in the litigation.

We find, therefore, that neither by the inherited English practice nor by our constitution and statutes can the present appeal be maintainable.

2. The appealing defendant seeks, however, by his brief, to evade the obstacle which the decree *pro confesso* thus presents, by asserting that the true "question for consideration here is whether the defendant was improperly deprived of an opportunity to defend the complainant's suit." And he insists that he was so deprived by the successive operation of the order of March 31st (not 24th), 1903, striking out his answer, and the interlocutory decree of May 1st, 1903.

Without adverting to any other answer that might be given to this contention (and such answer is not wanting) it is sufficient to say that no such "ground of appeal" is to be found in the petition of appeal now before us. Rule 21 of this court requires the appellant to "file a petition of appeal in which shall be briefly stated the order or decree complained of and the grounds of appeal." The object of the rule is twofold—*first,* to apprise the court, through the petition and the answer thereto, of the issue between the appellant and respondent; and *secondly* (as already determined in *10 C. E. Gr.,* at *p. 536*), "to require a notice to the opposite party of the points in the proceeding which are to be made the subject of complaint in the appellate court."

In *Butterfield* v. *Third Avenue Savings Bank, 10 C. E. Gr. 533, 536,* the ground of appeal in the petition was "that the complainants' mortgage was held to be a valid lien;" and in argument the objection advanced was "that the vice-chancellor would not admit evidence going to a certain point." Whereupon this court said that "such generality of objection would scarcely seem to be a compliance with the rule requiring the grounds of appeal to be stated."

We are but maintaining, or, perhaps, logically extending the view taken in the *Butterfield Case,* when we hold, as we now do, that the appellant herein can, neither in accordance with rule 21, nor with plain principles of justice, assail the decree in the cause below upon grounds of appeal which are nowhere

stated in his petition. See, also, *Cumberland Lumber Co.* v. *Clinton Hill Lumber Manufacturing Co., 12 Dick. Ch. Rep. 629.*

3. Shifting his position, the appealing defendant again endeavors to maintain himself by insisting that, by reason of the error in the order striking out the answer and depriving him of his defence, "all subsequent proceedings in the court of chancery are erroneous, and the final decree therein should be reversed." This contention in effect is that the order of March 31st, 1903, essentially affected the merits of the case, and that any error in that order entered into the final decree and vitiated it.

It is quite true that, when a final decree involves the merits of the case settled by the interlocutory decree, an appeal from the final decree brings the whole case before this court. *Crane* v. *De Camp, 7 C. E. Gr. 614; Decker* v. *Ruckman, 1 Stew. Eq. 614; Clair* v. *Terhune, 8 Stew. Eq. 336.* It is not true, however, that every order or decree preceding a final decree becomes incorporated therein as involving a meritorious question. See *Butterfield* v. *Third Avenue Savings Bank, supra.* In that case the defendant, Butterfield, applied for leave to file a supplemental answer, setting up a defence on newly-discovered grounds; and such leave was denied. The case then went to a hearing on *viva voce* proofs before a vice-chancellor, and the defendant offered to prove the newly-discovered facts. The offer was rejected, and the vice-chancellor advised a decree sustaining the validity of the complainants' mortgage. From such decree the defendant appealed, assigning as the ground of appeal that the decree adjudged the mortgage of the complainants to be an existing encumbrance and the defence of Frederick Butterfield not a bar to the foreclosure; and he sought to bring in question the order denying leave to file an amended answer. This court, however, determined that the order, refusing to allow the answer to be amended, did *not* so enter into the subsequent interlocutory decree deciding the merits that it could be reviewed on an appeal from such interlocutory decree. The pertinent language of the opinion (which need not from its length be quoted

here) will be found in *10 C. E. Gr. 534,* fifth line from bottom, to *p. 535,* eighth line from bottom.

We approve of the rule laid down in the *Butterfield Case,* and, applying it to the case in hand, we think the order of March 31st, 1903, sustaining the exceptions for insufficiency and striking out the answer, was not a final decree within the meaning of the act respecting the court of chancery, and, further, was not so carried into the final decree subsequently made in the cause as to become part of it and appealable with it.

Inasmuch as it appears that, upon the enrollment before us, the defendant is not entitled to an appeal, or to be heard thereon in this court, the logical result would be that the appeal be dismissed, with costs. Nevertheless, the answer filed by the defendant having been printed as if it were a part of the enrollment, we have, of our own motion—not of duty or necessity—looked into it. We find the averments of the answer, respecting the bond and mortgage given by the defendant to the complainant, to be vague and indefinite (*vide* the statement prefixed hereto) and to be quite insufficient to set up the defence of payment.

When a defendant undertakes to answer a bill, he must answer fully all of the allegations and charges in it, and all of the interrogatories incident to and founded upon them. *Story Eq. Pl.* (*8th ed.*) §§ 605, 606, 846; *Vreeland* v. *New Jersey Stone Co., 10 C. E. Gr. 140, 143.* Further, a defendant, besides answering the complainant's case, must, in his answer, state to the court all of the circumstances of which he intends to avail himself by way of defence, for a defendant ought to apprise the complainant, by his answer, of the nature of the case he intends to set up, and that, too, in a clear and unambiguous manner; and, in strictness, he cannot avail himself of any matter in defence not stated in his answer, even though it appear in his proofs. *2 Dan. Ch. Pr.* (*4th Am. ed.*) *712; Moores* v. *Moores, 1 C. E. Gr. 275, 279; Burnham* v. *Dalling, 3 C. E. Gr. 132, 134.* It is clear that, tested by these rules, the defendant's answer could not stand.

Having thus looked into the defendant's answer and found

it insufficient, we will work no wrong to him should the decree in favor of the complainant be affirmed, with costs. Even though an appellant may have a meritorious case, if he fails to bring on the hearing in an orderly manner, it accords with our practice (rule 17)·'that the order or decree below be affirmed or the appeal be dismissed, as the court may direct. In this case, wherein the appellant presents no meritorious defence, an affirmance, with costs, will be ordered on the respondent's motion.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Fort, Hendrickson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray—12.

*For reversal*—None.