WILLIAM C. JONES

*v.*

ANNA P. READ JONES.

[Argued November 25th, 1913. Decided December 2d, 1913.]

1. The rule that a bill of review to open a divorce decree cannot be filed after the statutory time to take an appeal from a decree does not apply to default decrees in *ex parte* cases procured by imposition and fraud, of which the court, as well as the state and the defendant, are the victims.

2. Where a divorce is granted on defendant's default, she cannot appeal, so that, where the decree is obtained by fraud, the defaulting party may file a petition to set it aside though the time to appeal has expired.

3. Where a default divorce decree was obtained by fraud, the wife's remedy was not limited to a bill of review, but she was entitled to invoke a summary remedy by petition to set aside the decree, provided she acted promptly on discovering the fraud.

On motion to dismiss petition to vacate decree of divorce.

*Messrs. Bourgeois & Coulomb,* for the petitioner.

*Mr. Floyd H. Bradley,* for the defendant.

BACKES, V. C.

The question presented on this motion is whether, after the expiration of the statutory period for the taking of an appeal, this court has the power, on petition and order to show cause, to set aside a decree of divorce in an *ex parte* suit, obtained by fraud.

The petition for divorce was filed August 17th, 1912, and alleges a desertion by the defendant in June of 1906. The defendant defaulted, and a reference was made to a master. Upon his report a decree *nisi* was entered January 17th, 1913, and on July 18th following a final decree of divorce was granted. I have examined the proofs taken before the master and find them barely sufficient to sustain the decree. In substance, the petitioner swore that in the fall of 1906, while he was in Denver, his wife, without his consent or knowledge, moved their household effects from Camden to Swarthmore, Pennsylvania, where she has ever since resided with her now adult son and daughter, and has since refused to have communication with him, although he has diligently pursued her to effect a reconciliation. The petitioner's testimony was not put to the test of cross-examination by the master, as it should have been. If it had, there might have been an adverse report. The corroborating testimony is meagre and weak, and the failure of the petitioner to call his children, with whom he was on intimate terms, and who were familiar with all of the circumstances, is especially significant and should have attracted the master's attention.

On November 18th last the defendant petitioned to set aside the decree, alleging that she first had knowledge of it on the preceding 27th day of October. The time had then expired for the taking of an appeal from a decree of divorce. She avers that after she was served with process, her husband promised to abandon the suit and persuaded her not to interpose a defence,

and because of this she failed to defend herself. She denies the desertion, and avers that in 1906, at the time of the supposed desertion, her husband purchased a house in Swarthmore and to it moved his household goods from Camden; that she and their children moved to Swarthmore with her husband's consent and approval. That since that time her husband has declined to see or to speak to her, although she has frequently made advances, and that he has altogether ignored her, except to furnish the means for the household expenses. Her story is very fully supported by her two children, her two sisters and a niece of the husband, and by letter communications from him.

On the return of the order to show cause, motion was made to dismiss the petition, on the ground that this court is without power, after the time has expired for the taking of an appeal, to set aside a decree taken by default, even though it was obtained through fraud practiced on the defaulting party by her adversary, whereby she was deprived of her opportunity to present her defence, and by fraud perpetrated upon the court. *Watkinson* v. *Watkinson, 68 N. J. Eq. (2 Robb.) 632; Cook* v. *Weigley, 69 N. J. Eq. (3 Robb.) 836; Sparks* v. *Fortescue, 75 N. J. Eq. (5 Buch.) 586,* are cited to support the contention.

(1) I do not understand that the rule laid down by the court of errors and appeals in these cases that a bill of review or a petition to open a decree cannot be filed after the expiration of the statutory period within which an appeal can be taken from a decree, applies or was intended to apply to decrees in *ex parte* cases, procured as the one in this case was, whose sole foundation rests upon imposition and fraud, of which the court, as well as the state, "the interested third party," and the defendant, are the victims. On this motion the proofs contained in the moving papers must be taken as true, and if true, one cannot escape the conviction that the decree was obtained by deceit and perjured testimony and that the records of this court have been basely defiled, the interest of the state has been imposed upon and the rights of the defendant grossly and unconscionably outraged. Surely, the rule was never meant to tie the hands of this court in circumstances of this kind, nor to deprive the court of its inherent power to purge its records of false decrees foisted upon it

by corrupt and fraudulent suitors, and to do this in a most sum-. mary fashion by petition and motion, even after the time has passed for the taking of appeals in cases where an appeal will lie.

In *Kearns* v. *Kearns, 70 N. J. Eq. (4 Robb.) 483*, in which the facts were somewhat similar, although the point of this motion was not involved, Vice-Chancellor Stevenson had before him the question whether the bill was original or one for review to set aside a fraudulent divorce, and in holding it to be the latter upon the case made, says: "There is another reason, in my opinion, why the complainant's bill should be deemed strictly a bill of review. The complainant had no notice of the divorce suit which the defendant brought against her. She had no opportunity to be heard. The cause was tried *ex parte.* She now comes forward, alleging her surprise, her lack of opportunity to present her case, and offers proofs that fraud was practiced and injustice done which would not have occurred if she had had an opportunity to present her defence. In this sort of a case no bill of review is necessary, even though the decree has been enrolled." And further: "Where the party aggrieved by a fraudulent or unjust decree is able to obtain full relief upon a petition for the vacation of the enrollment and the opening of the decree, it seems to me that in many, if not all, cases an application for leave to file a bill of review ought to be denied. * * * In my opinion, the application by petition in the cause to vacate the enrollment and open the decree is to be encouraged, if not exclusively prescribed, in all cases where such procedure will accomplish justice." *White* v. *Smith, 72 N. J. Eq. (2 Buch.) 697.*

(2) There is also this reason why the doctrine of the cases cited is not applicable here. In cases *ex parte,* the defaulting party cannot appeal (*Townsend* v. *Smith, 12 N. J. Eq. (1 Beas.) 350; Sparks* v. *Fortescue, supra*), and hence, on a motion to set aside a decree thus obtained, the rule cannot prevail, because the ground upon which the rule rests does not exist.

(3) Moreover, as I understand it, the court of errors and appeals in the *Watkinson Case,* and those that followed, did not intend to lay down a hard and fast rule which was to obtain

under all circumstances and conditions, nor to prevent this court from proceeding by petition in case where a bill of review would lie. Obviously, such a bill could be maintained in this case, and the reason for the rule proves it to be no obstacle to a summary proceeding. The rule is one of limitation upon the right of action in given cases, in analogy to the time allowed for an appeal, and not upon the form of the remedy where the right of action exists.

In the *Watkinson Case,* in which the doctrine relating to limitations upon bills of review was first adopted in this state, the court found that there was no fraud, and disposed of the facts as insufficient to maintain the bill. Mr. Judge Vroom, in laying down the rule, clearly pointed out that a bill of review would lie if the "case could be brought strictly within the exception of newly-discovered evidence, or of some special equity that would give the court the discretionary power to make the order." The special equity alluded to is fraud on the court or on the party, as shown by the facts in that case, and the newly-discovered evidence is therein referred to as "the ignorance of the petitioner of the existence of a decree of divorce until after the time for the appeal had expired."

In *Cook* v. *Weigley,* the rule was restated and enforced upon a petition to vacate a decree in a litigated case after an affirmance by the court of errors and appeals. The decree attacked was the decree of the appellate court, and possibly the application, if a proper one, should have been addressed to that court. *Kimberly* v. *Arms, 40 Fed. Rep. 548.*

In *Sparks* v. *Fortescue,* it was again maintained in a litigated case, where there was no fraud or imposition.

The petition in this case was filed promptly after the discovery of the fraud. I shall follow the modern practice of proceeding by petition instead of the ancient cumbersome and expensive bill to review. I will hear the case on its merits. Issue may be joined, by filing an answer to the petition, and a day will be set for the taking of testimony.