MICHAEL FRUZYNSKI and MARY FRUZYNSKI, his wife, complainants-appellants,

*v.*

ANDREW JABLONSKI, defendant-respondent.

[Submitted May term, 1934. Decided October 17th, 1934.]

*Messrs. Rospond & Rospond,* for the appellants.

*Mr. Henry P. Bedford,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

Appellants were the holders of a bond executed by Stanley Phillips and wife and the respondent, Andrew Jablonski, the bond being secured by a mortgage on premises in the city of Newark. Default in payment of interest and taxes resulted in foreclosure of the mortgage, a decree in favor of the complainants and a sale of the property to the mortgagees for the nominal sum of $100. This sale was confirmed by the court of chancery on February 18th, 1933.

The mortgage was subject to other mortgages aggregating $25,500, but which at the time of the sale had been reduced to $18,000. It was also subject to three years accumulation of taxes aggregating $2,400.

The sale resulting in a fund insufficient to realize the amount of the decree, an action at law was instituted against the obligors to recover the deficiency.

In this posture of the proceedings, Jablonski, who had been made a defendant in the foreclosure suit, and who, though served with the usual process pointing out why he was made such defendant, had taken no step in the suit to protect his rights, had not attended the sale, and had made no effort to secure other bidders, and who had allowed the deficiency suit to go to the point of striking out his answer thereon, on May 4th, 1933, filed a petition in the court of chancery setting forth certain claimed defenses to the foreclosure suit, inadequacy of the purchase price paid, and praying that the decrees be opened and petitioner permitted to answer the bill of complaint; that the proceedings at law be stayed; that an order be made directing a resale of the mortgaged premises, and that in the event of a greater price being bid the former sale be set aside, and a proper deed made on the new sale.

A verifying affidavit was filed with the petition, and on the same day an order was made in the cause directing the complainants to show cause why the decree should not be opened, the petitioner allowed to file an answer, and complainants enjoined from the prosecution of their claim in the law action.

On September 26th, 1933, an order was made restraining the further prosecution of the action at law until the fair value of the mortgaged premises could be determined and the petitioner credited with its value. Reference to a master was made to take testimony to determine the value of the property acquired by the complainants and the amount to be credited on the bond.

Such testimony was taken and the master made a report finding the value of the property to be $26,000; encumbrances $19,859.84, and that the complainants' decree should be credited with the difference, thereby wiping out the deficiency.

To the master's report exceptions were filed, but these were overruled, the report confirmed, the value as ordered credited on the bond, and the petitioner absolved from further liability thereon. The temporary restraint on complainants was made permanent.

In the view of a majority of the court the action below was without legal justification and a grave injustice to the mortgagees. They held a perfectly valid decree in a foreclosure suit; an equally valid order confirming the sale to them of the mortgaged premises for the price of $100, subject to the large indebtedness of approximately $20,000. These encumbrances, according to the master's report, the purchasers (mortgagees) have since assumed. Neither the decree in foreclosure nor the order of confirmation are in any wise disturbed, but without opportunity to be relieved of the purchase, or to be relieved of the obligation subsequently assumed, complainants in the foreclosure are not only compelled to forego the fruits of the solemn decree of a court of competent jurisdiction in their favor, but to continue the onerous obligations which they, relying on the binding force of their decree, the sale and its confirmation, have assumed.

The value of a pledge as security for an indebtedness has on default always been determined, in the absence of special agreement between the parties, by a public sale of the thing pledged, and this whether that thing be personal or real property. *Snyder* v. *Blair, 33 N. J. Eq. 208; Berman* v. *145 Belmont Avenue Corp., 109 N. J. Eq. 256.* This rule, true at common law, became doubly intrenched as to bonds secured by mortgage on real estate by the act of March 12th, 1880. *3 Comp. Stat. p. 3421.*

In the case of *Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596,* it was said by Mr. Justice Case, speaking for this court in a similar situation, that "it was the right of the mortgagee, the order in chancery confirming sale having been duly made and still subsisting, to recover the deficiency in an action upon the bond. That was his right, arising from his contract, under the 1880 statute (as amended, *P. L. 1881 ch. 147 p. 184), supra,* which provided that a purchaser holding a bond and mortgage, given for the same debt, must in proceeding to collect, first foreclose the mortgage, but that if at the foreclosure sale the premises do not sell for a sum sufficient to satisfy the debt, interest and costs, it would then be lawful to proceed on the bond for the deficiency. * * * The 1880 statute was effective when the contract was made, and that statute, therefore, enters into the contract without need of stipulation to that effect."

It was further held that the rights acquired under the contract, the statute being a part thereof, could not be impaired, even by the legislature itself.

It is hardly necessary to say that the court below was equally powerless to deprive the mortgagees of the benefits of their contract as thus amplified by statute.

The prayer of the petitioner was that the decree of foreclosure and the order confirming the sale be set aside; or, apparently in the alternative, that confirmation of sale only be set aside and a resale of the property ordered. Disregarding both of these prayers the court below of its own motion directed a costly inquiry as to the value of the mortgaged premises, made the order of reference to a master for the

purpose, and the complainants, without opportunity to retain the property on terms or to bid at another sale, were compelled to accept satisfaction of the decree and cancellation of their bond. Such procedure was wholly without authority of law.

An inquiry as to value was relevant, if at all, only on the prayer to open the order of confirmation of sale to the end that, if equity required, a resale be had. It was not within the power of the court of chancery, while the sale stood as confirmed, to ignore its own decree which was conclusive as to value (*Snyder* v. *Blair, supra*) by taking an *ex post facto* proceeding to redetermine such value for the purpose of itself effecting a credit on the decree or on the bond. Such procedure was destructive of the complainants' contract and of their rights.

Desirable as it may be that mortgaged premises in cases of foreclosure should be made to realize their full market value, a desire shared not only by the court of chancery and this court as well, but by all just thinking persons, such resale must be obtained, not by arbitrary and illegal methods but in the manner provided by law. The law having provided that a public sale on execution should determine the value of the mortgaged premises, that method and that alone must be pursued. If in a given case a property is sold so much below its market value as to shock the conscience of the court, the remedy is to set aside the sale before confirmation (or, if the circumstances justify, probably after confirmation), and effect a resale.

In *Vanderbilt* v. *Brunton Piano Co., supra,* this course was indicated with such clarity and definiteness that it should not be misunderstood, and it is here reiterated for the guidance of the court below. The case of *Lurie* v. *J. J. Hockenjos Co., 115 N. J. Eq. 304,* is in no wise in conflict with the views here expressed. In that case it was an obligor seeking to have a sale in foreclosure of real estate set aside and a resale ordered. The mortgagee (purchaser) agreed to an order crediting an additional sum of $15,500 on the bond and on appeal to this court by the mortgagor the order was

affirmed on the ground that the consented credit was all that he had shown himself to be entitled to.

As to the merits of the case, in the evidence produced it appears that the complainants had paid the purchase price of $100 and assumed the liens of $20,000 prior to their mortgage. Assuming the value of the property to be $26,000, as found by the master, did this exhibit such disparity between price and value as to shock the conscience and otherwise justify setting aside the sale? If the answer is yes, proceedings to that end can be justified only if in attempting to do justice to the petitioner injustice is not done to the mortgagees. This can only be effected if the latter are restored to their status prior to the sale. In reliance on the decree of the court in their favor they purchased the property at a nominal price, seriously encumbered as it stood. It was not until action was started on the bond for deficiency that the petitioner applied to this court to set aside the sale. In the meantime the purchasers had assumed the prior liens. There was in this assumption nothing precipitate. Two and a half months had intervened between the confirmation and the filing of the prayer of the obligor for relief. If the confirmation and sale be set aside it must be upon such terms and conditions as will restore the parties to the conditions existing before the sale took place.

The decree is reversed, with direction that further proceedings (if any) in the cause to be taken in accordance with the views expressed in this opinion.

*For affirmance*—BODINE, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, JJ. 5.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, DONGES, KAYS, DEAR, WELLS, JJ. 9.