This cause is before the court on defendants' petition to open an order confirming the sale of mortgaged premises. Complainant, who was the purchaser at the foreclosure sale, moves to dismiss on the ground that the petition was filed too late, namely, more than forty days after confirmation. Counsel say that in the absence of newly discovered evidence or special equities, an order which is not a final decree cannot be opened on application made after forty days; that an order confirming sale is not a final decree; that the petition discloses no special equity and so should be dismissed.
The conclusion of counsel runs counter to the practice of this court in numerous cases in the last few years. All the members of the court have received and acted upon similar applications more than forty days after the date of the order *Page 515 
confirming sale. A few such cases have been reported. Lurie v.J.J. Hockenjos Co., 113 N.J. Eq. 504; affirmed, 115 N.J. Eq. 304; Meranus v. Lawyers' and Homemakers' Building and LoanAssociation, 116 N.J. Eq. 402; Fruzynski v. Jablonski, 117 N.J. Eq. 117; Bluestone Building and Loan Association v. Glasser,Ibid. 392. Two of these cases were reviewed by the court of errors and appeals. If there be such a forty-day rule, it is strange that counsel and members of this court and of the appellate court have not remarked on it before now. Established practice is presumably correct.
Counsel, to prove his major premise that an application to open an interlocutory order must be made within forty days, first calls attention to section 111 of the Chancery act. Comp. Stat.p. 450, as amended P.L. 1914 p. 133. "All appeals, except from final decrees, shall be made within forty days after filing the order or decree appealed from." To this enactment, he applies the rule of Watkinson v. Watkinson, 68 N.J. Eq. 632, that a bill of review to set aside a final decree must be filed within the time of appeal limited by the statute, unless there be newly discovered evidence or some special equity. Mitchell v.Mitchell, 97 N.J. Eq. 298, approved of the procedure by petition to open a final decree in lieu of bill of review and held that such a petition is subject to the same limitations.
The first question is whether the rule applies to a motion to open an interlocutory order or decree, and so removes such an order from the control of the chancellor after the expiration of forty days.
The question came before the United States supreme court inSimmons Co. v. Grier Bros. Co., 258 U.S. 82; 42 S.C. 196. An interlocutory decree adjudging a patent invalid had been entered January 5th, 1916. Two years thereafter, and after the time for appeal or certiorari had run, a petition for leave to file a bill of review was presented and granted, and eventually the former decree was reversed. In the supreme court, Mr. Justice Pitney said: "Regarding therefore the decree of January 5th, 1916, as an interlocutory, not a final one, there is neither technical or substantial ground for applying to it the rules pertaining to a bill of review and *Page 516 
the bill herein called such is to be treated as essentially a petition for rehearing. By the sixty-ninth equity rule, such a petition is in order at the term of the entry of the final decree; and, of course, if an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." The decree of the district court reversing the former decree was affirmed.
This decision has great weight since our court of errors and appeals derived the limitation on bills of review from the United States supreme court. Watkinson v. Watkinson, supra.
Our appellate court has held that a bill of review is not required to open an interlocutory order in a cause still pending. It is appropriate only to review a final decree. FranklinElectric Light Co. v. Fort Wayne Electric Corp., 58 N.J. Eq. 543.
While the cause is pending and the proceeding is infieri, the court has jurisdiction of the whole matter. StoryEq. Pl. (10th ed.) 408a. "Nor have we any doubt of the power of a court, while a case and the parties are before it, upon proper hearing to reconsider, modify and enlarge its previous orders in respect to a pending controversy. Such power and such authority is so familiar and so well understood that we see no occasion for citing authorities in support of it." Calaf v.Fernandez (C.C.A.), 239 Fed. Rep. 795. The power exists until the close of the term at which the final decree is enrolled. Standard Savings and Loan Association v. Aldrich,163 Fed. Rep. 216; 89 C.C.A. 646; Lyle v. Staten Island, c.,Lumber Co., 62 N.J. Eq. 797; 21 C.J. 701; 34 C.J. 216.
The limitation on the review of a final decree is a phase of public policy: A final decree should be a finality. Miller v.McCutcheon, 117 N.J. Eq. 123. It is a contradiction in terms to say that an interlocutory decree should be a finality.
There are, however, three cases in our reports which containdicta which may mean that a motion to open an interlocutory decree cannot be entertained (except on special grounds) after the time to appeal has expired. Cumberland Lumber Co. v.Clinton Hill, c., Co., 84 N.J. Eq. 557; Nash *Page 517 
v. Leiderman and Nash Building Co., 103 N.J. Eq. 287; Grunstra
v. New-Ark Petroleum Co., 111 N.J. Eq. 451. And there is one case which perhaps so holds — McKenzie v. Standard BleacheryCo., 109 N.J. Eq. 429. On a petition that a former order be vacated, Vice-Chancellor Lewis said: "It is apparent that this order is an interlocutory one, and is not a final decree. The time within which an appeal may be taken from such an order is, by P.L. 1914 ch. 86 p. 133, limited to forty days. The petition upon which the present application is based was not presented until June 22d 1931, or long after the expiration of the statutory period limited for the filing of an appeal, and consequently this court is without power to entertain it. This is in accord with the well settled rule that a petition to open or vacate an order or decree of this court cannot be entertained after the expiration of the statutory period allowed for an appeal from such order or decree." But the vice-chancellor also pointed out that the order had been carried into effect so that nothing remained other than a moot or academic question. He then found, after extended consideration, that the merits would have required a denial of the application.
Because this decision of Vice-Chancellor Lewis was based on several grounds, I feel that it does not definitely establish that when the time to appeal elapses an order which is not a final decree passes beyond the control of the court, except for newly discovered matter or some special equity. But I need not decide the point.
Now to the second question — whether an order confirming sale is a final decree within the meaning of section 111 of our Chancery act (Comp. Stat. p. 450): "All persons aggrieved by any order or decree of the court of chancery, may appeal from the same, or any part thereof, to the court of errors and appeals; and all appeals, except from final decrees, shall be made within forty days after filing the order or decree appealed from; and all appeals from final decrees in the said court shall be made within one year after making such decree; unless a notice of lispendens has been filed, or on bills to quiet title, in which cases, all appeals from final decrees shall be made within three months after filing the decree appealed *Page 518 
from; provided, in cases where the person entitled to such appeal from any final decree be an infant or insane, he shall have one year to bring such appeal, after such disability shall be removed, except where a notice of lis pendens has been filed or the bill is filed to quiet the title of the lands, in which case the appeal shall be taken within three months after such disability is removed." P.L. 1902 p. 545, as amended P.L. 1907p. 452.
All orders and decrees of chancery may be divided into four classes:
I. Orders which are not appealable because no one, technically speaking, is aggrieved. Such are the ordinary orders made in the progress of a suit for the purpose of putting the case fairly at issue, obtaining the requisite evidence and affording the parties a hearing. Coryell v. Holcombe, 9 N.J. Eq. 650; Camden andAmboy Railroad, c., Co. v. Stewart, 21 N.J. Eq. 484; Stevens'Executrix v. Stevens' Executors, 24 N.J. Eq. 574. Such also are orders taken by default or entered without objection. NewJersey Building Loan and Investment Co. v. Lord, 66 N.J. Eq. 344.
II. Orders which are appealable within forty days and which, if not appealed within that time, are not reviewable at all. This group includes all orders by which a party may be aggrieved but which do not enter into the final decree — orders granting temporary injunctions or appointing receivers pendente lite.
Such is an order striking an answer with leave to answer over.New Jersey Building Loan and Investment Co. v. Lord, supra;Mackay v. Mackay, 83 N.J. Eq. 650.
III. Orders appealable within forty days and which also may be reviewed on appeal from the final decree. Decker v. Ruckman,28 N.J. Eq. 614. In that case it was argued that no appeal having been taken from an interlocutory decree within forty days, the decree had become a finality and not subject to review upon appeal from the final decree. The court disagreed, saying, "the sole purpose of the clause [the forty-day limitation] is to prevent delays in the progress of the cause in the court of chancery. * * * Every adjudication which involves the merits and the law applicable thereto is the substructure of the final decree. As such they are reviewable *Page 519 
whenever the latter is brought before the court on appeal. Any other construction of the act would, by its terms, place the class of persons whose rights the proviso is designed to protect, without any shield, in every case where the most important questions affecting those rights are settled by an interlocutory decree. Infancy, insanity or coverture is no excuse for a failure to take appeal in those instances where it must be prosecuted within forty days. While, by the terms of the act, time shall not run against persons under such disability as to their right to appeal from a final decree, it must be apparent that there can be no intent to give them an appeal from final decree upon their gaining a status and upon such appeal to shut out inquiry touching earlier orders and decrees in the cause by which their substantial rights have been determined."
IV. Decrees which are appealable in one year (except a lispendens has been filed or the bill is one to quiet title) provided, if the appellant be an infant or insane, the time is extended until the disability be removed. These are final decrees.
It seems from this classification that the legislature intended that any order or decree which involves the merits of the controversy and which concludes the substantial rights of the parties, shall be subject to review within one year, or longer in case of disability. Certainly it is settled that all such orders, if they precede the final decree, are open to review for that length of time after the final decree. No reason is apparent why the legislature should provide a different or shorter limitation for orders made after the final decree so-called and which conclude the substantial rights of the parties. Such orders should be considered final decrees within the terms of section 111.
There may be several "final" decrees in the same suit. For example, in interpleader, the decree discharging complainant and the decree awarding the fund are both final. National Bank v.White, 93 N.J. Eq. 109. So in foreclosure, the decree of foreclosure and the order distributing surplus money. In proceedings to wind up an insolvent corporation, the decree of insolvency, orders disallowing claims, the order *Page 520 
discharging the receiver, are all final, subject to appeal within one year. Ellison v. Gray, 55 N.J. Eq. 581; Barnett v.Schickerling Products Corp., 112 N.J. Eq. 1; 114 N.J. Eq. 43.
Tests for determining whether an order is final for the purpose of appeal may be found in Ellison v. Gray, which was an appeal from an order of the chancellor sustaining the receiver's disallowance of a claim. The respondent moved to dismiss on the ground that the appeal was not taken within forty days.
"The motion cannot prevail. The order of the chancellor on appeal from the decision of the receiver, as provided for in the eighty-second section of an act concerning corporations, is in the nature of a final decree. It has all its attributes and characteristics. The statute conferring the right of appeal from the decision of the receiver primarily clothed with power to decide, manifestly contemplated that the result should be conclusive. It is final in its nature, disposing of the whole merits of the case, leaving nothing for further examination or judgment. An order which determines the whole controversy between the parties without reserving anything for further consideration is a final order. In this case, the claim of the appellants was definitely disallowed and the party thereby dismissed from the case. Newark Plank Road Co. v. Elmer, 9 N.J. Eq. 754; CentralTrust Co. v. Grant Locomotive Works, 135 U.S. 207."
In Central Trust Co. v. Locomotive Works, cited above, certain orders were considered to be final decrees because they were "final in their nature and made in matters distinct from the general subject of litigation — the foreclosure of the mortgages."
Now to the nature and effect of an order confirming sale. InNational Bank of the Metropolis v. Sprague, 21 N.J. Eq. 458,
on appeal of complainant from an order refusing to set aside a sale, the court of errors and appeals said that the order determined "the merits of the controversy between the appellants and the purchaser. That controversy is whether the sale was made contrary to the requirements of law." And in Woodward v.Bullock, 27 N.J. Eq. 507, where the defendant *Page 521 
appealed from an order dismissing his petition to set aside foreclosure sale, it was said that the order "reaches the merits of the controversy between him and the purchaser and affects his substantial rights in the cause." The purchaser at foreclosure inChamberlain v. Larned, 32 N.J. Eq. 295, appealed from an order setting aside the sale. Chief-Justice Beasley said that the order was "final in its nature" — the same phrase used inEllison v. Gray, supra — and not one "which is only incidental to the proceedings and not definitive of any established right."
There may be distinction between an order confirming sale under our statute and an order setting aside or refusing to set aside a sale. In the three cases above cited, the sale was attacked for some illegality or fraud in its conduct. It has been held that the statutory order confirming sale merely covers the point that the property brought the highest and best price that could be obtained in cash. Oakley v. Shaw, 69 Atl. Rep. 462; Koegel v.Koegel, 83 N.J. Eq. 179. See, also, chancery rule 218. But in recent years, the effect of confirmation has been extended.
In Vanderbilt v. Brunton Piano Co., 111 N.J. Law 596, Mr. Justice Case said: "It was the right of the mortgagee, the order in chancery confirming sale having been duly made and still subsisting, to recover the deficiency in an action upon the bond * * *. It is within the broad powers of the court of chancery to withhold confirmation of a sale if, to confirm would work gross inequity. That principle was applied in Federal Title andMortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200. With that remedy available as a step in the then pending cause, the present appellants, parties to the chancery action, permitted the order confirming to go as of course. They have never challenged that order. If the appellants were, as they seem to have been, subjected to a wrong in the court of chancery, the wrong should have been righted in the court where it occurred, where also the remedy could be applied with due regard to the rights and equities of the opposing party." In Fruzynski v. Jablonski,supra, the court pointed out that the complainants-appellants held a valid order confirming the sale. "An inquiry as to value was relevant, *Page 522 
if at all, only on the prayer to open the order of confirmation of sale, to the end that, if equity required, a resale be had. It was not within the power of the court of chancery, while the sale stood as confirmed, to ignore its own decree which was conclusive as to value."
In Bluestone Building and Loan Association v. Glasser,supra, I said that an order confirming sale is in the nature of a final decree. As presently construed, it is conclusive as to the value of the property. It determines the controversy between the bondsman and the complainant, namely, the amount due on the bond. It disposes of the whole merits of the case, leaving nothing for further examination, or for further judgment in the court of chancery. It is a final decree within the meaning of the statute relating to appeals.
One further point regarding the time in which the motion to open the order might be made. The order confirming sale in the present cause was taken without objection, therefore it was not appealable. Vice-Chancellor Backes said, in Jones v. Jones,82 N.J. Eq. 558, that in such case the rule limiting the time for a bill of review cannot prevail because the ground upon which the rule rests does not exist.
I will now assume that an order confirming sale is not in the nature of a final decree and that a petition to open it must be filed within the time limited for an appeal, namely, forty days, unless the application is based on newly discovered evidence or some special equity. The petition before me does not purport to be based on newly discovered evidence. The question is the meaning of the term "special equity" as used in Watkinson v.Watkinson.
In that case, Judge Vroom stated the grounds for a bill of review. "Such a bill must rest on error in law upon the face of the decree without further examination of matters of fact, fraud in procuring former decree, new facts, or upon some new matter which has been discovered after the decree and could not possibly have been used when the decree was made." And later in his opinion, discussing the time within which the bill might be filed, he said: "The time of appeal having expired when this application for leave to file the bill of review was made, the petitioner was barred unless her case *Page 523 
could be brought strictly within the exception of newly discovered evidence or some special equity that would give the court the discretionary power to make the order." In the latter quotation the exception of newly discovered evidence or of some special equity, is equivalent to the expression in the first quotation — fraud, new facts, or new matter discovered after the decree; the exception embraces all grounds for a bill of review, save error apparent. It follows that the statutory period for appeal bars a bill of review only when the bill rests on error in law upon the face of the decree. This is made more certain when we examine the opinion in Thomas v. Harvie's Heirs, 10 Wheat.146; 6 L.Ed. 287, from which our court of errors and appeals derived its rule. Mr. Justice Washington drew an analogy between the two remedies, appeal and bill of review, and felt constrained to consider the latter comprehended within the equity of the provision respecting the former, "for it is obvious that if a bill of review to reverse a decree on the ground of error apparent on its face, may be filed at any period of time beyond the five years limited for an appeal, it will follow that an original decree may, in effect, be brought before the supreme court for re-examination after the period prescribed by law for an immediate appeal from such decree, by appealing from the decree of the circuit court upon the bill of review. In short, the party complaining of the original decree would, in this way, be permitted to do indirectly what the act of congress has prohibited him from doing directly." The limitation on bills of review is confined to bills framed on reasons which could be the basis of an appeal. Any other ground for review is beyond the scope of the rule. Not that petitioner may wait indefinitely before seeking to vacate a decree on a claim of special equity; he is bound, not by a precise period of forty days but rather by the principle of laches and by the maxim that equity aids the diligent and not the slothful. See Story Eq. Pl. § 419; 21C.J. 730.
The petition before me contains all the grounds for refusing confirmation which are set forth in Young v. Weber, 117 N.J. Eq. 242.
In addition, the petition discloses that the defendant whom petitioners represent, was sick at the time *Page 524 
the sale was confirmed and died shortly thereafter. These facts constitute a special equity. The motion to dismiss the petition is denied. Let there be a reference to a master to determine the truth of the petition. Or, if counsel prefer, I will determine the facts on depositions taken on notice.