STATE COUNCIL OF THE JUNIOR ORDER UNITED AMERICAN MECHANICS

*v.*

NATIONAL COUNCIL OF THE JUNIOR ORDER UNITED AMERICAN MECHANICS.

[Argued March 24th, 1908. Decided June 15th, 1908.]

1. The supplement of 1907 to the act respecting the court of chancery (*P. L. 1907 p. 452*) applies to appeals from decrees made prior to the passage of the act and requires that such appeals be made within six months from the passage of that act, or if not made within that time, then within one year from the date of the decree.

2. An act changing the time for taking an appeal from a final decree in chancery from three years to one year, which is made applicable to decrees antedating the act, but allows six months after the act takes effect for appealing is a valid enactment.

---

On motion to dismiss appeal.

*Mr. Alan H. Strong,* for the motion.

*Mr. Barton B. Hutchinson,* opposed.

The opinion of the court was delivered by

SWAYZE, J.

The final decree from which this appeal was taken was made August 16th, 1906. The appeal was taken January 20th, 1908.

13

It was taken within the three years allowed by law at the time the decree was made, but not within the time allowed by the act of 1907. *P. L. 1907 p. 452.* That act requires appeals from final decrees to be made within one year. Section 2 provides that the act shall not affect the right to appeal from final decrees made prior to the time it took effect (May 15th, 1907), provided appeal be made within six months after that date.

The act of March 27th, 1874, relative to statutes (*Gen. Stat. p. 3194 pl. 27*), prevents the amendment of 1907 from affecting the right of appeal as it had theretofore existed, unless the legislature has, either in express language or by implication so strong as not to be resisted, indicated the legislative purpose to supersede this rule of statutory construction. *Barnaby* v. *Bradley & Currier Co., 60 N. J. Law (31 Vr.) 158, 161, 162.* The proviso in the second section of the act of 1907 indicates clearly that the right of appeal from final decrees made prior thereto is affected by the act unless the condition requiring appeal within six months is complied with. The fact that the appeal must be taken within that time to preserve the right of appeal, amounts in itself to a limitation of the time as to all decrees which were made six months or more prior to May 15th, 1907. As to those made within six months prior to that date the new act, by section 1, itself allows one year, and is by its terms applicable if the appeal is not taken before November 15th, 1907.

The only question that can be raised is as to the validity of the legislation as thus construed. The effect is to create three classes of cases—*first,* appeals from decrees made prior to November 15th, 1904. As to these, the appeal might still be made within the three years allowed by the original act; *second,* appeals from decrees made between November 15th, 1904, and November 15th, 1906. As to these, the appellant is allowed the six months after May 15th, 1907, and his time for appeal varies from a year and a day to three years; *third,* appeals from decrees made between November 15th, 1906, and May 15th, 1907. As to these, the appellant has the year allowed by section 1 of the amending act. But these differences arise not from any distinction in the act itself, which applies alike to all cases, but to the different state of

facts to which it becomes applicable. The act is therefore general.

By our constitution the judicial power is vested in a court of errors and appeals in the last resort in all causes as heretofore, and in certain other courts. At the time of its adoption, there was an appeal from the court of chancery to this court by virtue of the act of June 13th, 1799. *Pat. L. pp. 428, 434 § 59.* There can be no doubt that this right of appeal is secured by the constitution. *Harris* v. *Vanderveer's Executor, 21 N. J. Eq. (6 C. E. Gr.) 424.* Like the right of the supreme court to review proceedings of inferior tribunals, by *certiorari,* the right of this court to review decrees of the court of chancery may be regulated by prescribing a reasonable time within which the appeal may be taken. *Traphagen* v. *West Hoboken, 39 N. J. Law (10 Vr.) 232, 237; affirmed, 40 N. J. Law (11 Vr.) 193.* Our statutes limiting the time for appeals and writs of error and *certiorari* in different classes of cases are familiar instances of the exercise of this power by the legislature.

It is also within the power of the legislature to enact statutes which shall affect these existing rights of appeal. *Cooley Const. Lim. 473; Smith* v. *Packard, 12 Wis. 371; Rupert* v. *Martz, 116 Ind. 72; 18 N. E. Rep. 381.* A somewhat similar case is *Ex parte McCardle, 7 Wall. 506.* In the analogous case presented by a change of the period for limitation of actions, it is well settled that such statutes are not unconstitutional, although they may affect existing rights if a reasonable time is given for the commencement of an action before the bar takes effect. *Terry* v. *Anderson, 95 U. S. 628.*

Logically, no other result seems possible. Since the legislature may prescribe the time within which an appeal may be taken, it may well fix any time after the passage of the act, provided it is not so short as to amount substantially to a denial of the right of appeal. That six months is a reasonable time cannot be denied. It is much more than the time which has long been fixed by statute for taking an appeal from an interlocutory decree, and twice as long as the time allowed for appealing from a final decree where a *lis pendens* has been filed.

We think the statute is not open to the objections that have been urged, and the appeal must be dismissed, with costs.