CLARENCE ROGERS v. THE PENNSYLVANIA RAILROAD COMPANY ET AL.

Submitted December 1, 1910—Decided January 6, 1911.

Under the supplement of April 14th, 1909, to "An act respecting writs of error" (*Pamph. L.* 1909, *p.* 149), a writ of error issued on May 19th, 1909, to review a judgment in an action for personal injuries entered on May 24th, 1906, will be dismissed as not brought within the time allowed by the act of March 27th, 1874 (*Gen. Stat., p.* 1391), as amended by the act of May 15th, 1907 (*Pamph. L., p.* 453).

On motion to dismiss writs of error.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the motion, *Alan H. Strong.*

*Contra, Charles E. Cook* and *Aaron E. Johnston.*

The opinion of the court was delivered by

GARRISON, J. This is a motion to dismiss two writs of error brought by Clarence Rogers to reverse a judgment entered against him in Monmouth Common Pleas, in an action brought by him against the railroad companies for personal injuries. The judgment was entered May 24th, 1906.

The first writ of error was issued December 2d, 1907, and has never been returned. The second writ of error was issued May 19th, 1909, and was duly returned.

As to the first writ of error the motion to dismiss is on two grounds—*first,* because the same was not issued within the time required by law, and *second,* because the same was not returned within the time required by law.

This writ of error was barred by the supplement of May 15th, 1907, to the act respecting writs of error. *Pamph. L.* 1907, *p.* 453. It was issued more than six months after the act of 1907 took effect. The act of 1907, as applied to judgments recovered (as this one was) before its passage, allowed six months from the time the act took effect, for a writ of error.

The provisions of this act are substantially the same as those of the supplement to the Chancery act, approved the same day, and limiting the time for appealing from final decrees. *Pamph. L.* 1907, *p.* 452. The latter act was construed and its validity established by the Court of Errors and Appeals in *State Council* v. *National Council, Jr. O. U. A. M.,*

The first writ therefore was clearly out of time.

The second writ was issued May 19th, 1909, returnable June 5th, 1909, and duly returned.

This writ is sought to be sustained under the supplement of April 14th, 1909, to the act respecting writs of error. *Pamph. L.* 1909, *p.* 149.

The first section of the act of 1909 merely amends the supplement of 1907 by changing the time allowed for writs of error in actions affecting the possession or title of lands. The amendment simply changes the word "three" to "six," where it is used to limit the number of months within which a writ of error may be taken in actions of that class. It does not in any way affect the time within which writs of error are to be taken in actions for personal injury.

The theory of the plaintiff in error is, that although his right to a writ of error was barred by the act of 1907, so that from November, 1907, when the period of six months allowed by that act expired, to April 14th, 1909, when the later act was approved, no writ of error could be issued, nevertheless the limitation was repealed and the right to the writ revived by the second section of the act of 1909. That section reads as follows:

"2. This act shall take effect immediately, but shall not affect the right to a writ of error as it existed under the act to which this is a supplement, upon any judgment entered or obtained prior to the fourteenth day of May, in the year one thousand nine hundred and seven." *Pamph. L.* 1909, *p.* 149.

The answer to the position of the plaintiff in error is that the amendment of 1909 is not to be construed as if it were an entirely new statute.

In *McLaughlin* v. *Newark,* 28 *Vroom* 298, 301, this court held that "By observing the constitutional form of amending a section of a statute, the legislature does not express an intention then to enact the whole section as amended, but only an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience." This case was affirmed in the Court of Errors and Appeals on the opinion of this court. 29 *Vroom* 202.

Bearing in mind, therefore, that the legislature by the act of 1909 did not enact the entire first section as a new pro-

vision, but only the change effected thereby, the second section is to be construed as if it read, "This change (allowing six months instead of three in actions to recover land) shall take effect immediately, but shall not affect the right to a writ of error as it existed under the act to which this is a supplement, upon judgment entered or obtained prior to the fourteenth day of May, nineteen hundred and seven."

The second section does not, in terms, amend the second section of the act of 1907. It is a section by itself, and when it says "this act," it means the act of 1909. Its effect, therefore, is to say that the change introduced by the act of 1909 shall not affect the right to a writ of error as it existed under the act of 1874. It does not assume to say that the act of 1907 shall not affect the right to a writ of error under the said act of 1874, and under the act of 1874 as it stood after the amendment of 1907, the second writ of error was clearly out of time.

For the foregoing reasons, which are in effect those furnished to the court in the brief of counsel for the motion, both writs of error should be dismissed, with costs. The brief also advances and argues another ground which we deem it unnecessary to state in view of our conclusion upon the point decided.