Eloise Mackay, complainant-respondent,

*v.*

Edward Jay Mackay, defendant-appellant.

[Submitted March 24th, 1914. Decided July 10th, 1914.]

1. In a wife's suit against her husband, an actor by profession, for support and maintenance under section 26 of the Divorce act (*Comp. Stat. p. 2038*), evidence *held* to warrant a finding that he was guilty of refusing and neglecting to maintain and provide for her, because it appeared that he did not, according to the income he was receiving, suitably and properly provide for her, under the circumstances, and that the sum of $40 per week awarded to her for the support of her and their two children, who were in her custody, is not excessive in view of the fact that he commanded a salary of $150 to $175 per week when employed during the theatrical season.

2. An order for a writ of *ne exeat* is clearly incidental to the suit and in nowise affects the merits, and an appeal therefrom not having been taken within the time prescribed by law, is not properly before the court and will not be considered at the hearing.

On appeal from a decree of the court of chancery advised by Advisory Master Charles H. Hartshorne.

*Messrs. Smith, Mabon & Herr,* for the appellant.

*Messrs. Weller & Lichtenstein,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant filed her bill of complaint against her husband, the appellant, for support and maintenance, under section 26 of the Divorce act. *Comp. Stat. 1910 p. 2038.*

The complainant in the bill charged her husband with having, without justifiable cause, separated himself from her and with refusing and neglecting to support her in a suitable and proper manner.

It appeared that the wife had the custody and care of two boys, aged two and three years, respectively, the issue of the marriage.

The advisory master found the charges in the bill proven and advised a decree directing the appellant to pay $40 a week for the support and maintenance of his wife and children.

The first ground urged by the appellant against the validity of the decree is that the court of chancery was without jurisdiction to make a decree in favor of the wife.

This claim is based upon the assertion of counsel of appellant that the evidence adduced before the master does not support a finding that there has been a neglect or refusal on the husband's part to maintain his wife.

We think the evidence is ample to support the finding. The husband, without justifiable cause, abandoned his wife, leaving their two children with her. He is an actor by profession, and when employed during the theatrical season of forty weeks earns from $150 to $175 a week. It appears that while earning $150 a week he was paying his wife for the support of herself and children about $110 a month. At first he paid his wife $1.50 a day, which was increased to $15 a week, the rent, coal and gas bills being paid by him. Out of the $15 the wife was to provide

all other necessaries of life. The wife had no other source of income, had no means of her own and was in ill health.

We think the evidence warranted a finding that the husband was guilty of refusing and neglecting to maintain and provide for his wife, in the sense in which the words are used in the statute, upon which her bill is founded, because it appeared that the husband did not, according to the income he was receiving, suitably and properly provide for her under the circumstances.

It is also urged that the amount of $40 a week for the support and maintenance of the wife and children is excessive.

In view of the fact that the appellant's standing in his profession is such that he commanded a salary of $150 to $175 a week when employed during the theatrical season, we do not think the amount fixed is excessive.

Lastly, the appellant appeals from an order for ne exeat. made and filed in the cause, on the 3d day of September, 1913, and the notice of appeal was filed on the 24th day of January, 1914, more than four months after the order was filed. Section 111 of the Chancery act (Comp. Stat. 1910 p. 450), among other things, requires that "all appeals except from final decrees shall be made within forty days after filing the order or decree appealed from." This clause of the section of the act was construed, by this court, in Decker v. Ruckman, 28 N. J. Eq. 614, to mean such orders and decrees relative to pleadings and adjudications merely incidental to the suit and not affecting the merits, and as to those, that they were conclusive, except when appealed from within forty days.

The order for ne exeat was clearly incidental to the suit and in no manner affected the merits. The appeal not having been taken within the time prescribed by law, the matter is not properly before us and will not be considered.

The decree should be affirmed.

For affirmance—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER—12.

For reversal—None.