HENRY PRANTL, RESPONDENT, v. DANIEL J. JUNK, APPELLANT.

Argued March 6, 1917—Decided May 8, 1917.

Appeals were substituted for writs of error by the Practice act (1912), *Pamph. L., p.* 377, § 25; and by rule 77 annexed to that act, and rule 137 of the Supreme Court (1913), an appeal may be taken by notice served on the adverse party and filed within the time limited for bringing writs of error (now superseded by appeals in civil suits). Such an appeal is perfected, so as to remove the cause from the court below to the court above, by serving a notice on the adverse party and filing the same within the time so limited, which is one year in the class of cases in which that at bar is one. The provision is in the conjunctive, namely, the service *and* filing of the notice. The provision is not that the notice shall be filed immediately after the service or within any prescribed time thereafter, except that limited for the taking of an appeal, so that, after serving a notice of appeal at an early date after judgment, the appellant may delay perfecting the appeal, so far as the notice perfects it, until the last day on which an appeal will lie.

---

On motion to dismiss appeal.

For the motion, *Garrison & Voorhees* and *Clarence L. Goldenberg.*

*Contra, Ulysses G. Styron.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   On May 15th, 1916, the plaintiff recovered a judgment against the defendant in the Supreme Court in a suit for malicious prosecution, and on June 14th, 1916, the defendant served a notice of appeal upon the plaintiff.   Motion is now made, March 6th, 1917, to dismiss the appeal, for the following reasons:   (1) Because no reasons for reversal were served upon the respondent. or his attorneys within thirty days from service of notice of appeal;  (2) because no state of the case has ever been prepared or served; (3) because the said cause was not noticed for argument in the Court of Errors and Appeals by the appellant at either June or November terms, 1916, or the March term, 1917;  (4) because the appellant has not prosecuted his appeal other than serving notice of appeal in June, 1916, and has failed to cause his notice of appeal, then served, to be filed with the clerk of this court;  (5) because the appellant has heretofore abandoned his appeal.

Appeals were substituted for writs of error by the Practice act (1912).   *Pamph. L., p.* 377, § 25.   In rule 77, annexed to that act, it is provided that appeals shall be taken by notice, which shall be served on the adverse party and filed within the time limited for bringing writs of error, which, at the time of the passage of that act, was one year, in the class of cases in which that at bar is one.   *Comp. Stat., p.* 2208, § 2. Rule 137 of the Supreme Court (1913), in its first paragraph, is a literal transcription of rule 77, annexed to the Practice act (1912), the remaining portion of rule 137 concerns matters of practice and procedure not involved in this motion.

It is to be remembered that the limitation of time in which an appeal may be taken is one year after the judgment is entered, which time has not yet expired in this case.   If the defendant had not appealed, he might still do so.   An appeal is a matter of right, subject to practice regulations, and, in order to entitle himself to be heard in this court, the defendant is only required to serve his notice of appeal *and* file the same within the prescribed time.   The provision is not that he shall file it immediately after service or within any pre-

scribed time thereafter except that limited for taking an appeal, so that, having served a notice of appeal at an early date after the judgment, the appellant may, if he chooses, delay perfecting the appeal, so far as the notice perfects it, until the last day on which an appeal will lie. The respondent is not harmed by such a procedure, for, as we have seen, the combined action necessary to remove the cause from the court of first instance to the appellate tribunal, namely, the serving and filing of the notice, may both be done on the last day. That limitation in this case has not yet been reached.

In rule 77, annexed to the Practice act, and also rule 137 of the Supreme Court, there is a provision that the serving and filing of the notice of appeal shall be at least thirty days before the appeal is argued. This, as yet, has no application to the matter *sub judice*.

The specific grounds upon which the motion to dismiss is based relate to matters of practice in the prosecution of the appeal after it has been perfected so as to remove the cause from the court below to the court above, except the last one, which is, that the appellant has abandoned the appeal; but this, so far as it purports to be the result of the inaction complained of, is *non sequitur*, and, so far as it involves a statement of an extraneous fact, was not proved.

The motion to dismiss the appeal will be denied.