WILLIAM H. WILLIAMS, RESPONDENT, v. HYMAN WHITE,
APPELLANT.

Argued June 20, 1922—Decided June 29, 1922.

When a defeated litigant *files* a notice of appeal to an appellate
tribunal the, jurisdiction of that court is invoked; and there-
upon it is incumbent upon the appellant to prosecute the appeal
in accordance with the rules and practice of the Appellate Court,
and in default thereof the judgment will be affirmed or the appeal
dismissed. *Prantl* v. *Junk*, 92 *N. J. L.* 387, distinguished.

On appeal from the Supreme Court, on motion to dismiss
appeal for want of prosecution.

For the appellant, *Isadore A. Sisselman.*

For the respondent, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.  The plaintiff brought an action
in the District Court of the city of Elizabeth against the de-
fendant on contract and had judgment, from which the de-
fendant appealed to the Supreme Court, where the judgment
was affirmed April 6th, 1922.  On April 20th, 1922, the de-
fendant filed a notice and grounds of appeal to this court,
but has taken no step to prosecute the appeal.  Rules 12, 13,
17, 19, 19a and 20 of this court provide:  (12) that all causes
whether on appeal or writ of error, may be brought on and
heard upon twenty days' notice thereof in writing, and filing
a copy in the clerk's office at least ten days previous to the
first day of the term;  (13) that all causes shall be noticed
for hearing on the first day of the term, if at issue long
enough to admit of such notice;  (17) that the appellant or
plaintiff in error shall notice the cause for argument, serve
the state of the case and bring on the hearing according to
law, and if he fails so to do the order, decree or judgment

below shall be affirmed, or the appeal or writ of error shall be dismissed, as the court shall direct; (19 and 19a) that the appellant or plaintiff in error shall provide a printed state of the case, &c., three copies of which shall be furnished to each adverse party at least twenty days before the time noticed for argument, &c.; (20) that at least fifteen days before the cause is moved the attorney or solicitor of the moving party shall serve upon the attorney or solicitor of the adverse party three printed copies of the points (brief) on which he means to rely, with a citation of the authorities to be used in the argument.

Now, between April 20th, 1922, the date of filing the notice of appeal, and June 20th, 1922, the day of the opening of the then next term of this court (the present June term, 1922), sixty-one days elapsed. Rule 13, as seen, required that the cause should be noticed for the first day of this term, twenty days' notice being required. Such notice should have been given not later than May 31st, 1922, which was forty-one days after the appeal was taken. At the same time appellant was obliged to serve his adversary with three copies of the state of the case, and had the same number of days, namely, forty-one, within which to prepare and serve it—ample time. Not having prepared and served the printed state of the case, and not having given notice of hearing, he, of course, was not in position to serve his points (brief) fifteen days before the hearing, and did not do so. In this situation counsel for the respondent has moved to dismiss the appeal for want of prosecution.

*Prantl* v. *Junk.* 93 *N. J. L.* 387, is relied upon by counsel for appellant as authority for the delay and inaction of the appellant in this matter, he claiming that he has one year from the date of entry of the judgment, that is, until April 5th, 1923, in which to proceed. That case is clearly distinguishable from the one before us. In Prantl *v.* Junk the defendant, one month after the entry of judgment against him, served a notice of appeal upon the plaintiff, namely, on June 14th, 1916, and on March 6th, 1917, the plaintiff moved to

dismiss the appeal because *inter alia* the defendant had *not filed* the notice, which was the fact; and we held that, as the statute gave one year in which a defeated litigant might appeal without providing that he should file his notice of appeal in any prescribed time within that period, the appellant might delay perfecting the appeal so far as filing the notice would perfect it, until the last day on which an appeal would lie.

Formerly, appeals were taken by writs of error which invoked the action of the court out of which the writ issued. These writs were returnable on specified dates, and were required to be perfected and prosecuted within prescribed limits as to time after their return. Appeals are now substituted for writs of error, and they are taken by notice, "which shall be served on the adverse party and filed within the time limited for bringing writs of error," which is one year. *Prantl* v. *Junk, supra* (at *p.* 388.) It will be noticed that an appeal has to be *served and filed.* It is the *filing* of the appeal which invokes the jurisdiction of the appellate court. This being so, it is incumbent upon the appellant, upon *filing* the appeal, to prosecute it in accordance with the rules and practice of the appellate court. That required in this case that the appellant should notice the cause for argument, print and serve the state of the case, together with his printed points (brief), as required by the rules above set out. As he did not comply with those requirements or any of them, and offered no valid excuse for non-performance, the respondent is clearly entitled to prevail on the motion before us.

Let the appeal be dismissed, with costs.