CHALKLEY HAINES AND EDWARD B. LIPPINCOTT, PART-
NERS, TRADING AS HAINES & HOLLINSHEAD, APPEL-
LANTS, v. SEABROOK FARMS COMPANY, RESPONDENT.

Submitted July 9, 1923—Decided November 19, 1923.

Assuming, though not considering or deciding, that this court has
power to take action looking to the filing of an appeal *nunc pro
tunc* as within the time allowed by law for appealing, still, the
application being akin to one to open a judgment by default,
which requires not only the showing of surprise, but merits, and
there being no suggestion of merits in the case at bar the relief
sought will be denied.

On appeal from the Supreme Court.

For the appellants, *Herbert A. Drake.*

For the respondent, *Lewis Starr.*

PER CURIAM.

Judgment was entered against the plaintiffs in the Supreme
Court January 27th, 1922, and defendant served notice of
appeal within one year but did not file the notice until Jan-
uary 29th, 1923, one year and two days thereafter. Motion
was made in the Supreme Court for an order directing its
clerk to file the notice *nunc pro tunc* as of January 27th,
1923. This the Supreme Court refused to do, and made an
order denying the motion. From this order the plaintiffs have
appealed; and they have also made an independent motion
here for this court itself to order the Supreme Court clerk
to make such entry.

By the statute and rule of court, appeals are taken by
serving and filing a notice thereof within one year after the
date of the judgment appealed from. *Prantl* v. *Junk,* 93 *N.
J. L.* 387. And while the notice of appeal may be given at
any time within, yet it must be filed within a year after the
entry of judgment; and whenever filed it invokes the ap-

pellate jurisdiction. *Williams* v. *While,* 98 *N. J. L.* 140. In the case at bar the notice of appeal was served January 20th, 1923, seven days before the expiration of the year, and it was required that it should be filed not later than January 27th, 1923.

Now, assuming—though not considering, much less deciding—that this court has power to grant the relief sought by the plaintiffs by either reversing the Supreme Court, or by ordering its clerk to file the notice of appeal *nunc pro tunc,* still, the relief sought must be denied, for this application is entirely akin to one to open a judgment by default, which required not only the showing of surprise but merits also. And this rule extends so far that a judgment by default, attributable to the neglect of one's attorney, will not be opened without the showing of merits. *Koenigsberger* v. *Mial,* 90 *N. J. L.* 695. In the case at bar there is no suggestion of merits in the plaintiff's claim.

The result is that the order appealed from will be affirmed, and the motion made to this court must be denied.

*For reversal*—None.