FIRST JUDICIAL DISTRICT COURT OF UNION COUNTY.

HOWARD R. DICKSON, PLAINTIFF, v. GEORGE H. SCOTT, SCHUYLER S. ELDRIDGE AND CLARA B. ELDRIDGE, DEFENDANTS.

Decided November 1, 1932.

For the plaintiff, *Charles L. Morgan.*

For the defendants, *Philip Ox.*

LA CORTE, J. This matter comes before the court on a motion of the plaintiff for an order to deliver to him, or his attorney, an appeal bond filed in this court on July 6th, 1931, given by the defendants George H. Scott, Schuyler S. Eldridge, and Clara B. Eldridge, as principals and Clara G. Peterson, as surety, in the sum of $1,100 for lack of prosecution of the appeal.

On June 16th, 1931, judgment was entered in this court for the plaintiff in the sum of $500 and a counter-claim filed by the defendants was dismissed. From this judgment, defendant filed notice of appeal in this court on July 6th, 1931, and the court approved an appeal bond in the sum of $1,100 which was filed on the same day. It will be noticed that twenty-one days had actually elapsed from the time judgment was entered until the notice of appeal and bond were filed, but the filing of the notice and approved bond was in time, as July 4th was a legal holiday and July 5th, 1931, was a Sunday. *Von de Place* v. *Weller,* 64 *N. J. L.* 155; 44 *Atl. Rep.* 874, since followed by *Williams* v. *Minsavich,* 3 *N. J. Mis. R.* 565; 129 *Atl. Rep.* 410, and cases cited.

The files of this court show that nothing further was done to perfect the appeal, and a certificate of the clerk of the Supreme Court offered in evidence on this motion shows that to October 4th, 1932, more than a year after the gesture of appeal was made in this court, there was no record of any proceedings taken or papers filed by the defendants in the Supreme Court. The question therefore is this: Was there in fact an appeal to the Supreme Court? I do not so find. The District Court act (*Pamph. L.* 1902, *p.* 565, as amended by *Pamph. L.* 1910, *p.* 236; 2 *Comp. Stat., p.* 2016, § 213A, and *Pamph. L.* 1915, *p.* 549,) provides that:

"If either party in any action or proceeding in any District Court of this state shall be dissatisfied with the determination or direction of such District Court, in point of law or upon the admission or rejection of evidence, such party may appeal from the same to the Supreme Court, if such party shall, within twenty days after such determination or direction, *give notice of such appeal to the other party or his attorney,* and enter into bond to the other party with sufficient surety, to be approved by the District Court judge, for the costs of the appeal, whatever may be the result thereof, and for double the amount, if any, of the judgment rendered against him, conditioned for the payment thereof, if the appeal be not prosecuted by the appellant, or to be dismissed; * * * and the said Supreme Court may either order a new trial on

such terms as it thinks fit, or may order judgment to be entered for either party, as the case may be, and may make such order with respect to the dismissal and costs of said appeal as such court may think proper."

The reported decisions are numerous on the dismissal of appeals *actually made* from a District Court to the Supreme Court, but I have not been able to find a case on the point raised by this motion.

It seems to me that the orderly procedure would certainly warrant that something be done in the court to which an appeal is to be taken. As the record stands, there is absolutely nothing before the Supreme Court for consideration. It follows, therefore, that there is no appeal to dismiss in that court.

The apparent omission in section 213A, *supra,* as to the filing of the notice of appeal in the Supreme Court is, in my opinion, supplied by section 68 of the District Court act which provides that "the practice of the Circuit Courts, in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provision of law providing otherwise." There is no express provision of law providing that *notice of appeal* from the District Court should be filed in the Supreme Court. The statute is silent but the rules and practice of the Supreme and Circuit Courts supply it. Rule 137, Supreme Court, provides, *inter alia,* "that appeals shall be taken by notice, which shall be served on the adverse party *and filed,"* and Supreme Court rule 219 provides that "the foregoing rules shall, so far as appropriate, be applicable to the practice of the several Circuit Courts." In *Prantl* v. *Junk,* 93 *N. J. L.* 387; 101 *Atl. Rep.* 56, which was an appeal from the Supreme Court to the Court of Errors and Appeals, Chancellor Walker, speaking for the court, laid down this rule: An appeal is a matter of right, *subject to practice regulations,* and in order to entitle himself to be heard in this court, the defendant is only required to serve his notice of appeal and *file the same* within the prescribed time. And it was held in *Williams* v. *White,* 98 *N. J. L.* 140 (at *p.* 142); 117 *Atl. Rep.* 615, that it was the *filing* and

the service of the appeal which invokes the jurisdiction of the appellate court.

I therefore hold that in the instant case, it was necessary, in order to invoke the jurisdiction of the Supreme Court, that (1) notice of appeal be given to the plaintiff or his attorney; (2) that such notice be filed in the District Court, and (3) that notice of the appeal be filed in the Supreme Court.

Notice of appeal not having been filed in the Supreme Court, it is my opinion, that no appeal was made to that court, and the statutory time for filing such notice having long since expired, the plaintiff is entitled to an order delivering to him or his attorney the appeal bond filed in this court for lack of prosecution of the appeal. Order accordingly.