NICHOLAS HVIZDOCK, ADMINISTRATOR, ETC., PROSECU-
TOR-PETITIONER, v. BROCK'S GARAGE, INCORPO-
RATED, AND BROCK'S REFRIGERATION COMPANY,
INCORPORATED, DEFENDANT-RESPONDENT.

Submitted May 15, 1936—Decided January 13, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *George Pelletlieri.*

For the respondent, *Samuel D. Lenox.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* to the Court of Common
Pleas in a workmen's compensation case in which the Pleas,
on appeal from the bureau, modified the amount of compen-
sation awarded therein, affirmed a counsel fee, and awarded
to the employer's attorney a fee of $100 on appeal to be paid
by the petitioner. The reasons assigned under this writ are,
first, the refusal of the Pleas to dismiss the appeal for lack
of diligent prosecution; secondly, that the Pleas erred in
overruling the decision of the bureau allowing certain com-
pensation based on the birth of a sister of the decedent some
ten weeks after his death by accident; thirdly, that the per-
centages allowed in the Pleas were not such as petitioner was
entitled to by law; and fourthly, that the counsel fee of $100
was improperly awarded.

The essential facts in the case were that the deceased, Edward Hvizdock, was an employe of the respondent and sustained a fatal accident on May 15th, 1934. He was not married, and the claim was by his administrator for the benefit of his dependents, viz., his father and mother; two sisters aged respectively twenty and seventeen; one brother aged eighteen; and a little child born to the parents of the deceased, as already stated, some ten weeks after the accident. Adequate proof was made of the dependency of the parents, the brother and the two sisters. It was claimed for the petitioner that the later child, unborn at the time of the accident, should be classed as a dependent entitled to share in the award, and the commissioner so held. The employer appealed, and there was a motion to dismiss the appeal as not taken in due time. The determination by the bureau was on March 14th, 1935. Notice of appeal was given under date of April 11th, 1935. On May 10th the attorney for petitioner served notice for May 17th of an application to dismiss the appeal for lack of diligent prosecution. The statute applicable is section 19 of the supplement of 1918 to the Workmen's Compensation act (*Pamph. L., pp.* 429-435) as re-enacted by chapter 25 of the laws of 1932. *Pamph. L., p.* 38. This lays down the procedure for taking and bringing on the appeal at some considerable length and ends with the following sentence: "Any such appeal may be dismissed by the judge of the Court of Common Pleas if the transcript of the record and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this act." (*Pamph. L.* 1932, *p.* 39.) The Court of Common Pleas denied the motion to dismiss in an order reciting rather fully the reasons for so doing, which it deemed satisfactory. It is now urged that the sentence just quoted is mandatory and that the court had no option but to dismiss the appeal if there had been any failure to follow precisely the course laid down by the statute. For this proposition two principal cases are cited. The first is *Cohen* v. *Slavin,* 1 *N. J. Mis. R.* 621, which, however, is based on the statute permitting the Court of Common Pleas, on refusal of an employer to comply with an award, to make an order that the entire amount shall become due

immediately on docketing the award in the upper court. That case, however, presents a very different situation. The other case is *Serbe* v. *McCracken*, 4 *N. J. Misc. R.* 482, in which the Court of Common Pleas did, in fact, dismiss the appeal and its action in so doing was challenged on an application for a *certiorari,* and this court said: "Such an appeal may properly be dismissed if not prosecuted in accordance with the provisions of the act." This appeal was not so prosecuted, and, we think, "was properly dismissed." Our conclusion is that the matter of dismissing or not dismissing the appeal in the present case was one for the exercise of discretion by the Court of Common Pleas, and that that discretion was properly exercised.

The next question in the case relates to the unborn child. The bureau made an award based on the theory that such child was within the language of the statute prescribing who are dependents. The Court of Common Pleas took the opposite view, and we think the memorandum of that court satisfactorily gives the reasons for so doing, in which we concur. The court said: "I find as a matter of law that the child, Maryann Hvizdock, born after the death of decedent, is not entitled to compensation. The Workmen's Compensation act in effect at the time of the accident provides as follows: 'The term dependents shall apply to and include any or all of the following who are dependent upon the deceased at the time of the accident or death, namely: husband, wife, parents, step-parents, grandparents, children, step-children, grand-children, child *in esse,* posthumous children, illegitimate children, brothers, sisters, half-brothers, half-sisters, niece, nephew.'

"It appears clear that 'child *in esse*' and 'posthumous children' must relate back to the decedent, and in this [case the words] are not applicable because the child involved herein, born after the death of decedent, was his sister. I have taken into consideration the cases which hold that, if beneficial for the child in the construction of wills, the unborn child shall be considered *in esse* at the time of the testator's decease. This construction has to do with wills, where the natural presumption is that the testator desired to take care of the

classes of persons named in his will, even though born after death. In the case at bar, however, the question is the construction of the statute passed by the New Jersey legislature and the case of *Splitdorf Electric Co.* v. *King et al.,* 90 *N. J. L.* 421, affirmed by the Court of Errors and Appeals, 92 *Id.* 524, holds that the court cannot supply what may be an omission by the legislature by what would clearly be the exercise of a legislative function. In other words, if the legislature intended that the child *in esse* of persons other than decedent were to be embraced by the statute it could readily have said so, and having omitted to include such persons among the classes of dependents entitled to the benefit of the act, the court is powerless to supply the omission. No case has been brought to my attention and I have been unable to find anywhere the word sister has been construed to include sister *in esse.*"

We may add that in the respondent's brief it is pointed out that in the act of 1911 there were nine classes of dependents; in the act of 1914 there were fourteen classes; and seventeen classes in every subsequent act on the subject. It will be observed that the statute uses the two terms "child *in esse*" and "posthumous children." Whatever may be the distinction intended to be drawn by the legislature between these two classes of children, one thing is clear, viz., that they are children of the deceased and not children of the parents of the deceased. If the legislature had intended that posthumous brothers and sisters were to be included, it is fair to say that after all the amendments and changes in the list of dependents over a period of years, it would have said so, and the fact that it did not say so clearly indicates that posthumous brothers and sisters were not intended to be included. *Expressio unius est exclusio alterius. Horner* v. *Webster,* 33 *N. J. L.* 387, 395; *State* v. *Kelsey,* 44 *Id.* (at *p.* 45); *Seward* v. *Orange,* 59 *Id.* 331, 333; *Paterson* v. *Gall,* 87 *Id.* 189, 191. In our view the disposal of this matter by the Court of Common Pleas was manifestly correct.

The other points are minor in character. We concur in the finding of the Common Pleas as to the contribution of the compensation being $10 instead of $15 a week. As to the

award of a counsel fee on the appeal, that was clearly within the jurisdiction of the court and we see no reason for interfering with its action in the matter. Finally, it is argued for the respondent that there was error in the bureau awarding $250 counsel fee, half to be paid by each party. However, we are unable to perceive how this matter is properly before us. The appeal was taken not by the employer but by the petitioner, and the employer is defending the judgment of the Pleas and has not taken any steps to challenge the counsel fee in the bureau. We conclude, therefore, that the judgment of the Court of Common Pleas should be affirmed, in all particulars, with costs.