ESSEX COUNTY COURT OF COMMON PLEAS.

ABRAHAM FISHMAN, PLAINTIFF, v. FISCH HAT COMPANY, DEFENDANT.

Decided May 20th, 1938.

For the plaintiff, *Michael Silver*.

For the defendant, *Newton H. Porter, Jr.*

HARTSHORNE, C. P. J. Can a belated appeal be perfected *nunc pro tunc* by the appellate court in workmen's compensation cases?

That it cannot in the ordinary case was a question which the Court of Errors and Appeals expressly refused to pass on in *Haines* v. *Seabrook Farms Co.,* 99 *N. J. L.* 273; 122 *Atl. Rep.* 748. Numerous New Jersey cases exist, however, holding that an appeal will be dismissed where not taken within the time required by the statute. *Mackay* v. *Mackay,* 83 *N. J. Eq.* 650; 91 *Atl. Rep.* 316; *Rogers* v. *Pennsylvania Railroad Co.,* 81 *N. J. L.* 40; 78 *Atl. Rep.* 664; *State Council, Jr. O. U. A. M.,* v. *National Council, Jr. O. U. A. M.,* 79 *N. J. Eq.* 193; 69 *Atl. Rep.* 975. Such is the general rule throughout the country, unless "the power to extend the time to appeal * * * [is] given by statute." 2 *R. C. L.* 104, § 80.

Respondent below, the would-be appellant, contends that the workmen's compensation statute gives the appellate court this power (*Rev. Stat.* 1937, 34:15-66), providing that "any appeal *may* be dismissed by the judge if the transcript of the record and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this chapter." And merits here exist to invoke the aid of the appellate court if such aid is possible.

In ascertaining if the statute permits the exercise of such discretion, we must bear in mind the general principle that in every appeal there are two main parts: First must occur the acts or act "which invokes the jurisdiction of the appellate court." *Williams* v. *White* (*Court of Errors and Appeals*), 98 *N. J. L.* 140; 117 *Atl. Rep.* 615. Or "the combined action necessary to remove the cause from the court of first instance to the appellate tribunal." *Prantl* v. *Junk* (*Court of Errors and Appeals*), 93 *N. J. L.* 387; 101 *Atl. Rep.* 56. Thereafter "it is encumbent upon the appellant * * * to prosecute" the appeal. *Williams* v. *White, supra.* It is quite apparent, on reading the clause above quoted from the statute, that the discretion given the appellate court is solely as to steps taken or not taken during the prosecution of the appeal, not as to the statutory steps necessary to give the court any power to act at all, *i. e.*, to invoke its jurisdiction. Such is the very basis for the decision in *Hvizdock* v. *Brock's Garage, Inc.*, 117 *N. J. L.* 352; 188 *Atl. Rep.* 815, construing the statute in question; for there the appeal had been perfected, the notice of hearing--a mere step in the prosecution of the appeal--having been delayed.

Nor is there any force to the contention of the would-be appellant that his filing of the notice of appeal with the secretary of the bureau had perfected the appeal and given this court jurisdiction. For the statute expressly says that such appeal may be taken "by filing with the secretary of the bureau, *and* with the clerk of the county where the accident occurred, a notice of appeal." Clearly, the filing of the one notice, in duplicate, at both places constitutes "the combined

action necessary to remove the cause from the court of first instance to the appellate tribunal." The notice of appeal not having been filed "with the clerk of the county where the accident occurred," the appeal has not been perfected, and this court, the appellate court, has no jurisdiction in the premises to enter an order *nunc pro tunc,* or of any other kind.

The application will be dismissed.